# Joseph Remsey, plaintiff in error, *vs.* John Duke, defendant in error.

### *Error to Desmoines.*

It is not improper to permit a witness to refer to a written instrument to refresh his memory, and to ascertain by its inspection if it relates to the contract then in controversy.

It is not erroneous to instruct the jury, "that if they were satisfied that there was an outstanding agreement for the payment of the purchase money for a claim," the plaintiff could not recover under the *indebitatus* count.

A promissory note does not prevent a recovery upon the count for an account stated. The note is all the evidence that is necessary to sustain such a count.

This was an action of assumpsit brought by John Duke against Joseph Remsey, upon a promissory note for $150,00, of which the following is a copy:

" We or either of us, promise to pay John Duke or order, one hundred and fifty dollars, on or before the public sale of the land on which said John Duke resides, at the time of land sale.

                              " JOSEPH REMSEY,
                              " GEORGE W. REMSEY,
" February 4th, 1839.          " JESSE D. REMSEY."

49

The first count in the declaration sets out the note in the usual form, the second, that the defendants for a valuable consideration made a certain contract and agreement in writing, signed by the said defendants with their own proper signatures, &c., by which contract and agreement in writing, the said defendants jointly and severally undertook and promised to pay the said plaintiff $150,00, on or before the public sales, &c., with an averment of the sales, &c.

The third count was for so much money for a certain improvement of the said plaintiff on the public lands of the United States, sold and delivered; and the fourth count was for so much money found to be due from defendants to plaintiff on account.

The sheriff had returned "not found," as to George and Jesse Remsey.

The defendant demurred generally to the first count and specially to the second,

1. That it did not appear from said second count at what time the said sum of money fell due.

2. That it did not appear that anything was then due.

3. It did not appear that said agreement mentioned in the said count, was made upon any consideration whatever, sufficient in law to make the same valid and effectual.

4. That said count did not state what land was intended, the sale of which was referred to, &c. The demurrers were sustained and the plaintiff entered a nolle prosequi to the first and second counts.

The defendant then pleaded the general issue, with notice of accord and satisfaction, and an agreement of plaintiff to deduct fifty dollars in consequence of a failure of consideration.

The case was tried at October term, 1841, and a verdict for $150,00 damages agaist the defendant. A motion was made for a new trial, which was overruled and a judgment rendered upon the verdict.

On the trial the plaintiff proceeded to offer evidence to prove the sale of the claim set out in the third count in the declaration, and offered a witness from whose evidence it appeared that a written agreement or note not under seal, was executed to said plaintiff by said defendants in payment of the consideration money for such claim, and who stated that he could not recite the conditions or terms of sale without reference to said agreement, whereupon the said agreement was handed to him, to which the defendant objected, but the objection was overruled. Whereupon the witness stated that it was an agreement or note drawn for the

payment of the consideration money for said claim, mentioned in the third count.

The evidence being concluded, the defendant's counsel asked the court to instruct the jury that if they were satisfied that there was an outstanding agreement in writing for the payment of the purchase money for said claim, he could not recover on the third count, even though said agreement be delivered up at the time of trial to be cancelled as in this case. Which instruction was refused. To all which, the defendant excepted.

The defendant below brings the case here by writ of error.

Errors assigned :

1. That the court below permitted the witness named in the bill of exceptions to refresh his memory under the circumstances set forth.

2. That the court below refused the instructions asked for.

GRIMES & STARR, for plaintiff in error.

RORER, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The first question to be decided is, whether the court below erred in permitting the witness to refer to the written instrument, under the circumstances set forth in the bill of exceptions. We think not. The plaintiff was seeking to establish an indebtedness for the sale of an improvement on the public lands. The terms of that agreement so far as the payment was concerned, were set forth in this instrument, and it was not only permissible for the witness to refer to it, but that was the only regular way of proceeding, as soon as it should have appeared that this paper was thus connected with the transaction. It is true that it would seem from the bill of exceptions that the main object in permitting the witness to refer to the paper was, to enable him to state the terms of the contract, when in fact the real purpose should have been to identify the note with the transaction of the sale. Still we think a mistake of this kind is no ground of error. It was proper that the witness should examine the paper, in order to testify what he afterwards did in relation thereto, and the proceedings below in this respect were therefore substantially correct.

But another objection is taken on account of the fact that the court refused to instruct the jury " that if they were satisfied that there was an outstanding agreement in writing for the payment of the purchase money for said claim, he cannot recover under the third count, even though said agreement be delivered up at the time of trial to be cancelled, as

in this case." We think this refusal correct. It is every where held that a promissory note not only does not prevent a recovery on the count for an account stated, when the same money, for securing which the note had been given, is sought to be collected by declaring in that manner, but that such note is all the evidence that would be necessary to sustain such a count. For ought that appears the " outstanding agreement" supposed in the bill of exceptions may have been a promissory note.—But even if we can regularly regard it as applying to the instrument set forth in the bill of particulars in this case, there is still no error made to appear. If the lands on which the plaintiff below resided at the time of the land sales had been sold prior to the commencement of this suit, we think the instrument was evidence under the declaration. At all events it would not stand in the way of a recovery. As the plaintiff in error must make out an affirmative case before he can claim a reversal he should have set forth all the circumstances necessary to constitute error. If the lands aforesaid had not been sold the evidence of such fact must be made to appear before we can reverse the judgment of the District Court.

Judgment affirmed.